IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESUS GONZALEZ DIAZ,

   Petitioner,

v.            CIVIL ACTION NO. 5:13cv10
               (Judge Stamp)

TERRY O'BRIEN, Warden,

   Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 24, 2013, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On February 14, 2013, he filed his petition on the court-approved form. On April 22, 2013, he paid the $5.00 filing fee. On May 7, 2013, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted. Accordingly, an Order was issued directing the respondent to show cause why the writ should not be granted. On May 29, 2013, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On May 30, 2013, a Roseboro Notice was issued. On September 4, 2013, the petitioner filed his Traverse.

### II. FACTS

On August 5, 2010, the petitioner pleaded guilty to the single count of the Indictment in Criminal Action Number 3:13CR5 in the United States District Court for the District of Puerto Rico, that is, aiding and abetting car jacking resulting in serious bodily injury, in violation of Title 18, United States Code §§ 2119(2) and 2. (Docs. 18-1 & 18-2). Under the statute, the petitioner faced a maximum of twenty-five years imprisonment. As part of the plea agreement, the parties agreed that

1

the petitioner's guideline range under the United States Sentencing Guidelines was 78 to 97 months. (Doc. 18-2, p. 3). On August 23, 2011, the Court sentenced the petitioner to 90 months incarceration to be followed by a five year term of supervised release. (Doc. 18-3, p. 10).

### III. ISSUES PRESENTED

The petitioner alleges that he is actually innocent of the underlying offense of car jacking. In support of this allegation, the petitioner argues that the offense of which he was convicted had no effect on interstate commerce, and thus was not a Federal offense. Therefore, the petitioner argues that the United States District Court for the District of Puerto Rico did not have jurisdiction over his case. He further maintains that § 2255 provides him an ineffective and inadequate remedy.

The respondent argues that the petitioner's claims do not merit relief under § 2241. More specifically, the respondent notes that the petitioner is challenging the legality of his conviction and cannot establish that § 2255 is an inadequate and ineffective remedy. The respondent further maintains that the petitioner cannot utilize a claim of actual innocence.

In his Traverse, the petitioner maintains that a motion under § 2255 would be time-barred, and neither actual innocence nor a jurisdictional challenge is appropriate for § 2255. The petitioner further maintains that the indictment, charging him with aiding and abetting a car jacking, resulting in serious bodily injury, charges him with a "local crime" which the federal government is trying to regulate through the Commerce Clause.

### IV. STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most

4

favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986)

## V. **ANALYSIS**

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

5

cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner, alleges his "actual factual" innocence of the crime for which he was convicted. More specifically, the petitioner sets forth an argument that due to the wholly intrastate character of the offense, he should not have been charged with violating Title 18, United States Code §§ 2119(2) and 2.[1]

However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[2] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

---

[1] The indictment specifically charged the "the defendants herein, aiding and abetting each other, with intent to cause death or serious bodily injury, did take a motor vehicle...said motor vehicle having been transported, shipped or received in interstate or foreign commerce...by force, violence and intimidations, that is by twice running a motor vehicle over the body of said O.M.R..." (Doc. 18-1).

[2] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. 17) be **GRANTED** and the petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record via electronic means.

DATED: 9-20-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE