IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESUS GONZALEZ DIAZ,

      Petitioner,

v.                            Civil Action No. 5:13CV10
                                     (STAMP)

TERRY O'BRIEN, Warden

      Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On January 24, 2013, the pro se[1] petitioner, Jesus Gonzalez Diaz, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.[2] Because the petitioner did not file his petition on the proper form, the Court entered a deficiency notice and gave him twenty-one days to re-file. The petitioner filed his petition on the proper court-approved form on February 14, 2013. In attacking the validity of his conviction, the petitioner claims he is innocent of committing any federal offense. Specifically, the petitioner asserts that there is no interstate commerce nexus involved in this case. Therefore, he asserts that his case was a

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petitioner is currently an inmate at USP-Hazelton.

purely "state case" and the federal court had no jurisdiction to charge him with a crime.

On May 13, 2013, the respondent filed a motion to dismiss or, in the alternative, for summary judgment arguing that the petitioner's claim does not merit relief under § 2241, as he is challenging the legality of his sentence and not the execution of his sentence. Further, the respondent asserts that the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy. The petitioner filed a response in opposition to the motion to dismiss, which he styled as a "traverse." In his response, the petitioner asserts that a motion under § 2255 would be time-barred, and neither actual innocence nor a jurisdictional challenge is appropriate for § 2255. Further, he states that his motion is properly filed in this Court because this Court has in personam jurisdiction, federal question jurisdiction, and has regional authority.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate David J. Joel for initial review and report and recommendation. On September 23, 2013, Magistrate Judge Joel issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations

within 14 days after being served a copy of the report and recommendation.   Thereafter, the petitioner did file timely objections.   For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II.   Facts

On August 5, 2010, the petitioner pleaded guilty in the United States District Court for the District of Puerto Rico to aiding and abetting car jacking resulting in serious bodily injury, in violation of 18 U.S.C. §§ 2119(2) and 2.   On August 23, 2011, the petitioner was sentenced to 90 months incarceration to be followed by a five year term of supervised release.

## III.   Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.   Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## IV.   Discussion

The magistrate judge's report and recommendation states that the petitioner failed to show that he is entitled to review under § 2241 because he has not satisfied the requirements set forth in In re Jones, 226, F.3d 328 (4th Cir. 2000).   Specifically, the magistrate judge found that even if the petitioner satisfied two

3

out of three of the <u>Jones</u> requirements, he cannot satisfy the second element of <u>Jones</u> because the crimes he was convicted of remain criminal offenses.    Therefore, the magistrate judge concludes that because the petitioner attacks the validity of his conviction and sentence but fails to establish that he meets the <u>Jones</u> requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

In his objections, the petitioner states that he objects to the magistrate judge's findings because "subject matter jurisdiction is properly brought under [§] 2241, without satisfying the requirements of the 'savings clause' in [§] 2255." ECF No. 30. Thus, he is arguing that he is entitled to bring his claim attacking the validity of his conviction pursuant to § 2241 because he is challenging the sentencing court's jurisdiction.    This belief, however, is incorrect.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention."    28 U.S.C. § 2255(e); <u>see</u> <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." <u>In re Vial</u>, 115

4

F.3d at 1194 n.5 (internal citations omitted).  Rather, § 2255 is
inadequate and ineffective to test the legality of a conviction
when:

> (1) at the time of the conviction, settled law of this
> circuit or the Supreme Court established the legality of
> the conviction; (2) subsequent to the prisoner's direct
> appeal and first § 2255 motion, the substantive law
> changed such that the conduct of which the prisoner was
> convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provisions of
> § 2255 because the new rule is not one of constitutional
> law.

Jones, 226 F.3d at 333-34.

This Court agrees with the magistrate judge's finding that the
petitioner has failed to establish the elements required by Jones.
Specifically, the substantive laws under which the petitioner was
convicted have not changed since the date of the petitioner's
conviction such that the petitioner's conduct would no longer be
deemed criminal.  The fact that he is challenging the sentencing
court's jurisdiction in no way changes the requirement that in
order to bring a claim challenging the validity of his conviction,
he must have either filed a petition pursuant to § 2255 or satisfy
the Jones requirements.  Therefore, for these reasons, the
magistrate judge's report and recommendation denying and dismissing
with prejudice the petitioner's § 2241 petition must be affirmed.

V.   Conclusion

Having reviewed the magistrate judge's report and
recommendation de novo, this Court hereby AFFIRMS and ADOPTS the

5

report and recommendation (ECF No. 28) in its entirety. Accordingly, the respondent's motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 17) is GRANTED. Further, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    October 21, 2013


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

6